IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>F & H ACQUISITION CORP., et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 13-13220 (KG)<br><br>Jointly Administered<br><br>Ref. Docket No. 7 |

**ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS (A) ARISING UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT, (B) OF OTHER LIEN CLAIMANTS, AND (C) ARISING UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE AND (II) GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (i) authorizing, but not directing, the Debtors, in their sole discretion, to pay (a) the PACA Claims, (b) the Lien Claims, and (c) certain Section 503(b)(9) Claims, in the ordinary course of business as such claims come due, and (ii) authorizing the Banks, when requested by the Debtors in their sole discretion, to receive,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: F & H Acquisition Corp. (2666); 505 Entertainment, Ltd. (4594); Alabama Fox & Hound, Inc. (5894); Bryant Beverage Corporation (0639); Champps Entertainment, Inc. (0491); Champps Entertainment of Texas, Inc. (7242); Champps of Maryland (1010); Champps Operating Corporation (5130); Downtown Beverage Corp. (3943); F & H of Iowa, Inc. (2434); F & H of Kennesaw, Inc. (5997); F & H Restaurant Corp. (8349); F & H Restaurant of Georgia, Inc. (2200); F & H Restaurant of Texas, Inc. (9871); Fox & Hound of Arizona, Inc. (3585); Fox & Hound of Colorado, Inc. (7166); Fox & Hound of Illinois, Inc. (3003); Fox & Hound of Indiana, Inc. (5676); Fox & Hound of Kansas, Inc. (7699); Fox & Hound of Kentucky, Inc. (0777); Fox & Hound of Littleton, Inc. (2894); Fox & Hound of Louisiana, Inc. (0477); Fox & Hound of Maryland, Inc. (7608); Fox & Hound of Nebraska, Inc. (5786); Fox & Hound of New Jersey, Inc. (0951); Fox & Hound of New Mexico, Inc. (5620); Fox & Hound of Ohio, Inc. (3963); Fox & Hound of Oklahoma, Inc. (2928); Fox & Hound of Texas, Inc. (0979); Fox & Hound Restaurant Group (6614); Fox & Hound, Inc. (9035); Fox & Hound II, Inc. (9540); Fuqua Beverage Corp. (4906); Jackson Beverage Corporation (3948); N. Collins Entertainment, Ltd. (4596); Raider Beverage Corporation (4993); Rocket Beverage Corporation (9829); Shenandoah Beverage Corporation (8087); Tent Finance, Inc. (5335); Tent Restaurant Operations, Inc. (5556); Willowbrook Beverage Corp. (1601); Winston-Salem Fox & Hound, Inc. (8319). The location of the Debtors' corporate headquarters and the Debtors' service address is: 1551 N. Waterfront Pkwy, Suite 310, Wichita, KS 67206.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

process, honor, and pay all checks and electronic payment requests related to the Claims, all as set forth more fully in the Motion; and upon the Zielke Declaration; and this Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors and other parties in interest; and this Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, **it is HEREBY ORDERED THAT**:

1. The Motion is granted.

2. The Debtors are authorized, but not directed, in their sole discretion, to pay or otherwise satisfy all valid PACA Claims in the ordinary course of business in an aggregate amount not to exceed $475,000.

3. Any PACA Vendor who accepts payment from the Debtors in satisfaction of its valid PACA Claim will be deemed to have waived any and all claims of whatever type, kind, or

priority against the Debtors, their property, their estates, and any PACA Trust Assets, but only to the extent that payment has been received by such PACA Vendor on account of its PACA Claim.

4. The Debtors are authorized, but not directed, in their sole discretion, to pay or otherwise satisfy in the ordinary course of business all valid Lien Claims in an aggregate amount not to exceed $300,000.

5. The Debtors are authorized, but not directed, in their sole discretion, to pay or otherwise satisfy all valid Section 503(b)(9) Claims, in the ordinary course of business in an aggregate amount not to exceed $1.6 million.

6. In the event that any Vendor that has received payment for its Claim refuses to continue to provide goods and services, as applicable, on an uninterrupted basis, to the Debtors in accordance with (a) the terms and provisions of this Order, (b) Historical Trade Terms, or (c) such other terms agreed upon by the Debtors and such Vendor, without further order of this Court and in their sole discretion, the Debtors shall be authorized to deem the payments made to any such Vendor to have been in payment of any then-outstanding postpetition claims of such Vendor. If this situation arises, the previously paid Claims of the Vendor shall be reinstated as Claims in the amount deemed by the Debtors to have been in payment of any then-outstanding postpetition claims of such Vendor. To the extent that the payments made to the Vendor on account of the previously paid Claims exceed the post-petition amounts then owed to such Vendor, all rights of the Debtors and their estates to recover such payments shall be reserved.

7. The Debtors' Banks shall be, and hereby are, authorized, when requested by the Debtors in their sole discretion, to receive, process, honor, and pay any and all checks or electronic fund transfers drawn on the Debtors' bank accounts to pay all Claims, whether those

checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

8. The Debtors' Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for in this Order.

9. Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as (a) an admission as to the validity, priority or amount of any claim or lien against the Debtors or their estates or an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code, or (b) a waiver of the rights of the Debtors and their estates, or shall impair the ability of the Debtors and their estates, to contest the validity, priority and amount of any claims or any payment made pursuant to this Order.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The relief granted herein is subject to any interim or final order of the Court authorizing the Debtors' use of any post-petition financing or cash collateral.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: December 17, 2013
       Wilmington, Delaware

                                                Kevin Gross
                                                Chief United States Bankruptcy Judge