**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| F & H Acquisition Corp., *et al.*,<br>　　　　　　　　　　Debtors. | Case No. 13-13220 (KG)<br><br>(Jointly Administered) |

**MOTION OF PROVIDENCE TOWN CENTER LIMITED PARTNERSHIP**
**d/b/a PTC PROVIDENCE TOWN CENTER LIMITED PARTNERSHIP FOR AN ORDER**
**GRANTING RELIEF FROM THE AUTOMATIC STAY**

　　　　　　Providence Town Center Limited Partnership d/b/a PTC Providence Town Center Limited Partnership ("**PTC**" or "**Movant**"), by and through its undersigned counsel, files this motion (the "**Motion**") for the entry of an order granting relief from the automatic stay pursuant to section 362(d) of Title 11 of the United States Code (the "**Bankruptcy Code**") to proceed with all available state court remedies to gain possession of the Premises (defined below) leased by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"). In support of this Motion, the Movant respectfully states as follows:

**Jurisdiction and Venue**

　　1.　　The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

　　2.　　This is a core proceeding pursuant to 28 U.S.C. § 157(b).

　　3.　　Venue of this proceeding in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

　　4.　　The statutory predicate for the relief requested in this Motion is section 362(d) of the Bankruptcy Code.

**Background**

5. Movant is Providence Town Center Limited Partnership d/b/a PTC Providence Town Center Limited Partnership, a Delaware limited partnership, with a place of business located at 1301 Lancaster Avenue, Berwyn, Pennsylvania 19312. Movant is the owner of the premises known as Providence Town Center located in Upper Providence Township, Montgomery County, Pennsylvania (the "**Premises**"). Champps Operating Corporation ("**Champps**"), a Minnesota corporation and one of the above-captioned Debtors, has a business address of 1551 North Waterfront Parkway, Suite 310, Wichita, Kansas 67206.

6. On or about November 15, 2010, Movant and Champps entered into a lease (the "**Lease**") for the rental of approximately 8,200 square feet of commercial space at Providence Town Center designated as Store #G-5, Providence Town Center, Route 29 and 422, Upper Providence Township, Montgomery County, Pennsylvania. The term of the Lease was for a period of ten (10) years, which commenced on or about June 14, 2011.

7. On or about December 2, 2010, Champps assigned the Lease to Tent Restaurant Operations, Inc. ("**Tent Restaurant Operations**") by an Assignment and Assumption of Lease.

8. On or about February 18, 2011, the Lease was amended by a First Amendment to Lease.

9. On or about October 17, 2011, Tent Restaurant Operations assigned the Lease to Champps.

10. Pursuant to the Lease, Champps is responsible for the payment of base monthly rent in the amount of $17,775.33 plus additional rent as defined in the Lease. Rent escalates as per the terms of the Lease. Champps is also responsible for the payment of a late fee of 5% on unpaid balances per Section 3.3 of the Lease.

11. On or about December 15, 2013, the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

12. Champps has failed to pay post-petition rent and additional rent for the month of February 2014 totaling $21,068.33.

13. Champps has failed to provide adequate assurance of its ability to pay rent in the future or otherwise provide adequate protection.

### **Relief Requested**

14. Pursuant to section 362(d) of the Bankruptcy Code, the Movant requests that the Court lift the automatic stay to allow the Movant to terminate the Lease and proceed with all available state court remedies to gain possession of the Premises.

### **Basis for Relief**

15. Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay against "any act to obtain possession of property of the estate." 11 U.S.C. § 362(a)(3).

16. Section 362(d) of the Bankruptcy Code provides that the Court may grant relief from the automatic stay for cause. 11 U.S.C. § 362(d)(1). Bankruptcy courts determine cause on a case-by-case basis. *See In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *see also In re Merchant*, 256 B.R. 572, 576 (Bankr. W.D. Pa. 2000). Cause may exist whenever the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors. *In re Chirillo*, 84 B.R. 120, 123 (Bankr. N.D. Ill. 1988).

17. The Court has identified three factors to analyze in a motion for stay relief: "(1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted." *In re Cont'l*

3
46910474.1

*Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993); *see In re Peregrine Sys., Inc.*, No. 02-12740, 2005 WL 2401955, at *3 (D. Del. Sept. 29, 2005); *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009).

18.   The Court should grant the Movant relief from the automatic stay for cause. First, the Debtors will not suffer prejudice if the Court lifts the stay. The Debtors have not paid all post-petition rent due and owing under the Lease and have let back rent accrue to the detriment of the Movant.

19.   Second, the Movant will face significant hardship if the Court does not lift the stay. The Debtors have accumulated significant back rent, including late fees. To remedy the Debtors' neglect, the Court should allow the Movant to take the necessary steps to inspect the rented Premises, properly dispose of any of the Debtors' remaining personal property, and re-let the rented Premises.

20.   Third, the Movant would be successful on the merits in an action against the Debtors to obtain possession and unpaid rent. The Movant has a simple breach of lease claim against the Debtors, to which the Debtors have no defense. Accordingly, the Movant would succeed on the merits.

21.   Finally, the Court's lifting of the automatic stay would allow the Movant to mitigate any damages, if necessary, thus reducing the Movant's claim against the Debtors' estates for post-petition rent.

22.   Movant believes and therefore avers that it is entitled to relief from the automatic stay because of the Debtors' failure to pay post-petition rent and failure to provide adequate assurances of its ability to pay rent into the future or otherwise provide adequate protection.

WHEREFORE, Movant respectfully requests that the Court enter an order (i) granting the Motion and lifting the automatic stay so that the Movant may proceed with all available state court remedies to gain possession of the Premises, and (ii) providing for any other relief the Court deems just and proper.

Dated:  Wilmington, Delaware
       February 10, 2014

Respectfully submitted,

SIRLIN LESSER & BENSON, P.C.
Dana S. Plon, Esq.
123 South Broad Street, Suite 2100
Philadelphia, Pennsylvania 19109
Telephone: (215) 864-9700
Fax: (215) 864-9669

-and-

POLSINELLI PC

  /s/  Christopher A. Ward
Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware  19801
Telephone: (302) 252-0920
Fax: (302) 252-0921

Counsel for Providence Town Center Limited Partnership d/b/a PTC Providence Town Center Limited Partnership

46910474.1